**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY L. HAMERTER,

    Plaintiff,

    v.

FT. MILEY VA, et al.,

    Defendant.
_____/

No. C-06-2588 PJH

**ORDER GRANTING MOTION TO DISMISS**

The United States on behalf of Defendant Ft. Miley Veterans Administration Hospital ("VA") seeks an order dismissing the complaint of Plaintiff Gregory Hamerter ("Hamerter") for lack of subject matter jurisdiction due to his failure to exhaust administrative remedies. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion for the reasons stated below.

**BACKGROUND**

Hamerter filed the present action against "Fort Miley VA" on April 17, 2006, alleging "violation of civil rights." Despite the title, his complaint presents a negligence action filed pursuant to the Federal Tort Claims Act ("FTCA"). The action is based on a consultation Hamerter had with Dr. David Kan, a VA psychologist, on February 2, 2005. Hamerter alleges that Dr. Kan made racially derogatory comments to him during the meeting, and that Dr. Kan misdiagnosed him and included the misdiagnosis in Hamerter's VA file. Hamerter alleges that the misdiagnosis caused him to "lose jobs, friends, love relationships,

housing," and to "receiv[e] very poor treatment from the VA."

Hamerter alleges that he exhausted his administrative remedies, as required by the FTCA, by reporting the racist and fraudulent remarks, in a letter of February 9, 2005, to VA Director Sheila Cullen.  He also alleges that he contacted VA Patient Representative Oweitda Dupree on March 5, 2005, and that she refused to speak to him and did not attempt to resolve the matter.  Hamerter requests that the court award "reasonable damages" for his emotional distress.

The allegations raised in this complaint are similar to those previously brought by Hamerter in an action filed with this court on March 7, 2005.  (Hamerter v. Ft. Miley VA, C-05-0941 PJH).  On August 16, 2005, this court dismissed Hamerter's tort claims without prejudice and instructed him to exhaust his administrative remedies by filing a proper claim with the VA prior to commencing a federal action for his medical malpractice claims.

## DISCUSSION

A.   Legal Standard

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Article III of the United States Constitution and statutes enacted by Congress pursuant thereto. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986).  Thus, federal courts have no power to consider claims for which they lack subject matter jurisdiction. Chen-Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992).

The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists when challenged under Fed. R. Civ. P. 12(b)(1). See, e.g., Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001).  The defendant may either challenge jurisdiction on the face of the complaint or provide extrinsic evidence demonstrating lack of jurisdiction on the facts of the case. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Where, the defendants challenge jurisdiction solely as a matter of law, all allegations of the complaint are taken as true and all disputed issues of fact are resolved in favor of the non-moving party. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1990).

B.  Motion to Dismiss

The government filed its motion to dismiss on September 6, 2006, arguing that this court lacks subject matter jurisdiction over this case, because Hamerter has not exhausted his administrative remedies pursuant to the FTCA by filing a proper administrative claim. The government argues that Hamerter's efforts, including his letter of February 9, 2005 to VA Director Sheila Cullen, and his attempt to contact patient representative Owetdia Dupree on March 5, 2005, still fail to meet FTCA requirements, because Hamerter did not provide sufficient information for the agency to investigate the claims and did not state a sum certain amount of damages. Additionally, the government argues that Hamerter has failed to name the proper defendant for his FTCA claim, the United States, and that he cannot maintain his action against the VA, a government agency. The government requests that the complaint be dismissed without prejudice.

The court finds that the motion must be GRANTED, because Hamerter has not named the correct defendant and he has failed to exhaust his administrative remedies. The United States is the proper defendant for an FTCA action, not a government agency. See Kennedy v. U.S. Postal Service, 145 F.3d 1077, 1078 (1998); 28 U.S.C. 2679. But, that omission is not fatal as the complaint is easily amended. However, a court lacks subject matter jurisdiction over an FTCA action when a plaintiff has not submitted a proper claim to the appropriate agency within two years of the incident. McNeil v. U.S., 508 U.S. 106, 113 (1980) ("[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"); Blain v. U.S., 552 F.2d 289, 291 (9th Cir. 1977) (claim presentation requirement is jurisdictional); 28 U.S.C. 2675(a); 28 U.S.C. 2401(b). Also, it is the plaintiff that bears the burden of demonstrating that subject matter jurisdiction exists when challenged. See, e.g., Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001). Therefore, Hamerter must demonstrate that this court has subject matter jurisdiction by alleging that he presented a written statement to the Veteran's Administration with (1) sufficient information for the agency to investigate the claim and (2) a sum certain amount of damages. Warren v. U. S. Dept. of the Interior

3

1  Bureau of Land Mgmt., 724 F.2d 776, 780 (9th Cir. 1984) (en banc); 28 U.S.C. § 2675.

2        The February 9, 2005 letter addressed to VA Director Sheila Cullen is the only written complaint relating to Dr. Kan's remarks that is referenced in the papers.  In this letter, Hamerter presented his claim in writing to the appropriate agency within the two-year limitation period, and it seems to provide sufficient description of the incident.  But, Hamerter neglected to include a sum certain of damages.  Therefore, the February 2005 letter is not a proper claim under the FTCA, this court lacks jurisdiction over this matter, and the complaint must be dismissed without prejudice.

## CONCLUSION

      In accordance with the foregoing, defendants' motion to dismiss is GRANTED.  Filing a proper administrative claim with the appropriate agency is a jurisdictional prerequisite to filing an action under the FTCA in district court.  Before Hamerter can file his medical malpractice claim against the VA, he must exhaust his administrative remedies.  Since the statute of limitations is two years for presentation of an administrative claim, Hamerter has until February 1, 2007 to present a proper claim, relating to the remarks by Dr. Kan on February 2, 2005.  28 U.S.C. 2401(b).  To state a proper claim Hamerter must present a written claim to the Veteran's Administration, including (1) a description of the incident sufficient for the agency to investigate the claim and (2) the **specific dollar amount** that he seeks in damages.  Warren, 724 F.2d at 780; 28 U.S.C. § 2675.

      If Hamerter wishes to use a form, he may use Standard Form 95 to file his claim with the VA.  28 C.F.R. § 14.2.  Standard Form 95 includes all pertinent information and is available at www.usdoj.gov/civil/forms/forms.htm.  However, Hamerter can also meet the FTCA requirements by submitting a letter to the Veteran's Administration, which includes the basic elements of (1) notice of the incident and injury and (2) the specific amount of damages he seeks.  See Broudy v. U.S., 722 F.2d 566, 568 (9th Cir. 1983).

**IT IS SO ORDERED.**

Dated: November 30, 2006

                                            _____
                                            PHYLLIS J. HAMILTON
                                            United States District Judge

United States District Court
For the Northern District of California